## Springdale Borough v. Chinchilla

540

*Francis X. McCulloch,* Borough Solicitor, for Borough.

*Clarence H. Clasper* and *Shoemaker & Eynon,* for defendant.

GUFFEY, J., April 5, 1957.—This case arises from an appeal taken by defendant for violating Ordinance No. 658 passed by the Borough of Springdale. By stipulation of counsel the case was submitted on written briefs only. The following is the preamble and section 1 of the ordinance, the only section with which we are concerned:

"An Ordinance of the Borough of Springdale, Allegheny County, Pennsylvania, providing regulation necessary for the public health, safety, morals, general welfare and cleanliness of the Borough and the beauty, convenience, comfort and safety thereof, prescribing the methods of enforcement thereof and fixing the penalties for violation of the same."

"Section 1. On and after June 1st, 1955, no persons, firm or corporation shall maintain, keep, raise or house cows, calves, sheep, goats, hogs, rabbits, hares, guinea pigs, ducks, turkeys, geese, chickens, guineas, pigeons, doves, domestic fowl, wild fowl or bees within the limits of the Borough of Springdale."

Defendant contends that the ordinance is an improper exercise of the police power in that, under the guise of regulating health, safety, morals and welfare of the community, the borough has acted in an arbitrary and capricious manner, also that the borough has

exceeded its police power in declaring acts to be nuisances per se, which are not nuisances in fact.

The borough has confined its argument to the question of whether or not the borough may forbid maintaining, keeping or raising pigeons on the ground that the prohibition protects the health, safety, morals, general welfare and cleanliness of the people of the borough.

The facts are simple, defendant was fined under the penalty powers of the ordinance for maintaining racing pigeons, which all parties admit she did not own.

We are of the opinion that the ordinance in question as it is written exceeds the police power of the borough in that there is a flat prohibition against maintaining, keeping or raising enumerated animals and fowl without providing for any determination as to whether or not these acts would have constituted nuisances at common law or whether they are nuisances in fact at the time the prohibited acts were committed.

It seems that under the decisions in our Commonwealth, ordinances which prohibit the type of activity with which we are here concerned must allow for some determination as to whether a nuisance in fact exists. See Hayward v. Samuel, 354 Pa. 266 (1946), 47 A. 2d 251, cited by Springdale Borough. In this case the health department of the City of Philadelphia had ordered the extermination of pigeons on the health department's finding that the pigeons were nuisances as they affect the public health. This action was upheld by the Supreme Court of Pennsylvania but only upon the finding that there was sufficient evidence which the board could have made the finding that it did. See also City of Allegheny v. Heyl, 26 Pitts. L. J. 70, wherein it was held that an ordinance declaring a cattle yard to be a nuisance without regard to the manner of its use was declared to be invalid.

542

In view of the above discussion, we therefore find that the ordinance is confiscatory in that it attempts by legislative fiat to declare certain acts against the public health, safety, morals and general welfare without providing for determination as to just how the public welfare is endangered which the ordinance seeks to protect.

Section 1 of the ordinance is indefinite and would present problems of uncertainty in enforcement in that it prohibits any one to "maintain . . . wild fowl or bees within the limits of the Borough." Also the purposes of the ordinance as defined in the preamble includes the promotion of beauty within the boundaries of the borough. This, of course, is outside of the police power. See White's Appeal, 287 Pa. 259.